UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SRINIVAS KOMPELLA, LAKSHMI SOUDHA KOMPELLA, SINDHURA KOMPELLA and SANTHOSH SRI KRISHNA KOMPELLA,**<br><br>9415,W Virginia Ave<br>Phoenix ,AZ 85037<br><br>**Plaintiffs,**<br>      vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>**Defendant.** | **Case No.**<br><br>**COMPLAINT** |

DESCRIPTION OF ACTION

1. This action is brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, by plaintiffs, Srinivas Kompella, A089-162-195, Lakshmi Soudha Kompella, A089-162-196, Sindhura Kompella, A089-162-194, and Santhosh Sri Krishna Kompella, A089-162-193 against the defendant, United States Citizenship and Immigration Services (USCIS), seeking judicial review of the USCIS decisions of January 10, 2018 in Files LIN-16-905-24216, LIN-16-905-24222, LIN-16-905-24219, and LIN-16-905-24225, denying each plaintiff's Application for Adjustment of Status

2. Inasmuch as each of these decisions were premised upon legal error, they were not in accordance with law and should all be held unlawful and set aside. 5 U.S.C. § 706(2).

## DESCRIPTION OF THE PARTIES

3. Plaintiffs are citizens and nationals of India, currently residing in the state of Arizona.

4. The United States Citizenship and Immigration Services is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of Forms I-485, Application to Register Permanent Residence or Adjust Status, filed by noncitizens to change their U.S. immigration status to those of aliens lawfully admitted for permanent residence.

## JURISDICTION

5. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

6. This Court has venue over this matter under 28 U.S.C. § 1391(e)(1)(C) in that the defendant resides in this judicial district.

**BRIEF NARRATIVE OF PERTINENT FACTS**

7. Plaintiff Srinivas Kompella was most recently admitted to the United States on approximately May 25, 2000 as a nonimmigrant pursuant to 8 U.S.C. § 1101(a)(15)(h)(i)(B), commonly referred to as an H-1B nonimmigrant. He has never departed from the U.S. since that date.

8. Plaintiff Lakshmi Soudha Kompella was most recently admitted to the United States on approximately March 29, 2012 as a parolee pursuant to 8 C.F.R. § 212.5(f). She has never departed from the U.S. since that date.

9. Plaintiff Sindhura Kompella was most recently admitted to the United States on approximately February 28, 2012 as a parolee pursuant to 8 C.F.R. § 212.5(f). She has never departed from the U.S. since that date.

10. Plaintiff Santhosh Sri Krishna Kompella was most recently admitted to the United States on approximately April 9, 2011 as a parolee pursuant to 8 C.F.R. § 212.5(f). He has never departed from the U.S. since that date.

11. On April 30, 2001, Object Model, Inc., a U.S. employer, filed a form ETA 750, Application for Alien Employment Certification, upon behalf of Srinivas Kompella with the Michigan Department of Career Development, a local office of the U.S. Department of Labor.

12. This application was not patently without substance.

13. On September 19, 2003 another Application for Alien Employment Certification was filed upon Mr. Kompella's[1] behalf, this time by Real Technologies, USA, Inc. (Real Technologies), a U.S. employer, with a branch of the Pennsylvania Department of Labor

---

[1] Throughout this complaint, the plaintiffs' use of the name "Mr. Kompella" shall refer only to Srinivas Kompella.

acting as a local office of the U.S. Department of Labor, offering him the job of a Software Engineer.

14. Following the approval of this application on March 10, 2004, Real Technologies filed a Form I-140, Immigrant Petition for Alien Worker, upon Mr. Kompella's behalf with the USCIS which was approved on June 23, 2005, classifying him as an immigrant under 8 U.S.C. § 1153(a)(3)(A)(i) or (ii).

15. On July 2, 2007, all of the plaintiffs each filed an individual Form I-485, Application to Adjust to Permanent Resident Status, with the USCIS.

16. More than a year after filing his Form I-485, Mr. Kompella filed with the USCIS a letter from Superior Tech Inc., a U.S. employer, confirming that it had offered him full time employment as a Software Engineer.

17. On May 23, 2012 the USCIS issued a notice of intent to revoke Real Technologies' I-140 upon Mr. Kompella's behalf.

18. USCIS did not inform neither Mr. Kompella nor Superior Tech Inc. of its intent to revoke this petition.

19. On July 1, 2012, Mr. Kompella commenced employment as a Software Engineer with Amerisoft Corporation (Amerisoft).

20. On August 31, 2012, the USCIS revoked Real Technologies' Form I-140 upon Mr. Kompella's behalf.

21. The USCIS revoked Real Technologies I-140 upon Mr. Kompella's behalf for the following claimed reasons:

> 1. "The petitioner has failed to establish the job opportunity was open to any U.S. worker and also failed to establish that U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons. As a result of not providing the requested evidence, the petitioner also failed to establish the petitioner conducted the recruitment process in conjunction with the DOL's

supervised recruitment process or the DOL's reduction in recruitment process."

2. "(T)he petitioner has not established the beneficiary meets the training requirements on the ETA."

3. "(T)he evidence does not establish that the petitioner had the ability to pay the proffered wage at the time the priority date was established and continuing to the present."

4. "(T)he petitioner is no longer conducting business in the same SMSA listed on the labor certification, thus nullifying the labor certification. Therefore, the petition is denied for the absence of a valid labor certification." The Notice also relied upon its determination that "The petitioner failed to provide any evidence that the 5836 Willow Ridge Drive Ypsilanti, MI 48197 address, the 226 Paul Street address or the 301 W. Michigan Avenue address is a valid work location for the beneficiary or any of the petitioner's other employee" to come to the same conclusion.

5. Because the petitioner supposedly made a material misrepresentation on the application for labor certification "the ETA 750 is being invalidated pursuant to 20 C.F.R. part 656. ... . As the petitioner does not have a valid Form ETA 750, the petitioner does not meet the requirements for classification of the beneficiary as a skilled worker."

22. On September 17, 2012, all of the plaintiffs' Forms I-485 were denied by USCIS solely on account of the revocation of Real Technologies' I-140 upon behalf of Mr. Kompella.

23. On approximately October 9, 2012, Mr. Kompella filed a motion with the USCIS to reopen the denial of his I-485, supported by a letter from Amerisoft dated October 2, 2012 informing USCIS that it had offered him employment as a Software Engineer.

24. In that motion Mr. Kompella argued that the Forms I-485 denials regarding him and his family should be vacated because "(t)he principal applicant has taken a new offer of employment in the same or similar occupational classification as the offer of employment for which the 1-140 petition was filed on. Notwithstanding that the 1-140 petitioner revoked its petition, the principal applicant has met the requirements of AC21 Section 106(c) by 'porting' to the new permanent employer."

25. The USCIS approved the motion to reopen and received the evidence, but nevertheless denied Mr. Kompella's Form I-485. USCIS found that Real Technologies' Form I-140

was revoked for cause, and was therefore not approvable when filed, making it invalid for porting purposes.

26. Mr. Kompella filed another motion to reopen or in the alternative to reconsider the denial of his I-485 on December 6, 2013 in which he disputed the grounds upon which Real Technologies' Form I-140 was denied.

27. In its decision of April 23, 2014 reopening Mr. Kompella's Form I-485 but once more denying it, the USCIS held that Mr. Kompella had no standing to challenge the bases for the revocation of Real Technologies' Form I-140, opining that:

> The motion submitted herein relates to the Form 1-485 filed by the applicant. The applicant is not an affected party in the 1-140 proceedings and thus may not file to reopen those proceedings. The term "affected party" means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. 8 C.F.R. § 103.3(a)(1)(iii)(B). The party affected in visa petition cases is the petitioner, and the beneficiary does not have standing to move to reopen the proceedings. *Matter of Dabaase,* 161&N Dec. 720 (BIA 1979).
>
> Thus, evidence submitted in support of Form 1-140 is not necessarily pertinent to these proceedings.

28. On approximately May 27, 2014 Mr. Kompella filed a third motion to reopen, again challenging the denial of the I-485 on the grounds that there was no valid basis for the I-140 revocation which caused it.

29. Again, the USCIS rejected Mr. Kompella's claim to have standing to dispute the basis for the revocation, holding that:

> The motion submitted herein relates to the Form I-485 filed by the applicant. The applicant is not an affected party in the 1-140 proceedings and thus may not file to reopen the 1-140 proceedings. The term "affected party" means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. 8 C.F.R. § 103.3(a)(1)(iii)(B). The party affected in visa petition cases is the petitioner, and the beneficiary does not have standing to move to reopen the proceedings. *Matter of Dabaase,* 16 I&N Dec. 720 (BIA 1979).

30. Accordingly, the USCIS reopened the I-485 proceedings but left the denial of the I-485 undisturbed, holding that inasmuch as Real Technologies' I-140 upon Mr. Kompella's behalf has been revoked, it cannot be ported to a new employer pursuant to 8 U.S.C. § 1154(j).

31. On March 14, 2016 the plaintiffs each filed new Forms I-485 with the USCIS, maintaining that they were still eligible for adjustment of status inasmuch as Real Technologies' I-140 upon Mr. Kompella's behalf had not been properly revoked, it still could ported to a new employer pursuant to 8 U.S.C. § 1154(j).

32. On July 18, 2016 the USCIS denied the plaintiffs' Forms I-485 on the grounds that Real Technologies' I-140 had been properly revoked and Mr. Kompella had no standing to contest this decision.

33. On August 16, 2016, the plaintiffs commenced Case No. Case 1:16-cv-01739 in the U.S. District Court for the District of Columbia seeking judicial review of all of the USCIS's immediately above mentioned decision on the grounds that inasmuch as the agency had erroneously refused to grant Mr. Kompella standing to contest the revocation of Real Technologies' I-140 upon his behalf, that revocation, and the corresponding denials of their Forms I-485 were all erroneous as a matter of law.

34. On January 7, 2017 the USCIS effectively conceded the error of its previous denials by sua sponte reopening Real Technologies I-140 upon behalf of Srinvias Kompella and all of the plaintiffs' applications for adjustment of status.

35. Nevertheless, on January 4, 2018 USCIS revoked again Real Tehnologies' I-140 on Srinivas Kompella's behalf.

36. The revocation notice expressly stated that "If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form 1-290B) within 18 days of the date of this decision. ,,, If USCIS does not receive a properly filed appeal, this decision will become final."

37. Nevertheless, and despite the fact that Mr. Kompella filed a timely appeal of the agency's decision, (File No. EAC1890046477) the USCIS denied the plaintiffs applications for adjustment of status on January 10, 2018.

38. No action has been taken on Mr. Kompella's appeal of the I-140 revocation and it apparently remains pending as of this day.

CAUSE OF ACTION

THE USCIS'S DECISIONS OF JANUARY 10, 2018 DENYING THE PLAINTIFFS' APPLICATIONS FOR ADJUSTMENT OF STATUS SOLELY BECAUSE OF THE REVOCATION OF REAL TECHNOLGIES' I-140 IS NOT IN ACCORDANCE WITH LAW BECAUSE THE REVOCATION IS NOT FINAL AND BECAUSE A FAVORABLE AAO DECISION MAY YET RESULT IN THE APPROVAL OF THE PETITION

39. The USCIS offered no explanation and cited no authority as to why the decision to revoke Real Technolgies' I-140 which it itself conceded would not be final if a timely appeal was taken from it, renders the petition no longer valid, and so justifies a denial of the plaintiffs' applications for adjustment of status.

40. By doing so it is purporting to enforce a nonfinal judgment, which is generally impermissible. See, e.g. United States v. Hansel, 182 F.R.D. 7, 9 (N.D.N.Y. 1998) ("The

Government cannot take any enforcement action until a final judgment has been entered."), Int'l Controls Corp. v. Vesco, 535 F.2d 742, 744 (2d Cir. 1976) ("It is well-established that execution ordinarily may issue only upon a final judgment."), Matter of X, EAC 07 160 545649, (AAO April 18, 2011) , ("a petition denial is not final as long as that decision may be reversed on direct appeal or certification … a 'final decision' had not yet been issued at the time the director denied the present H-1B petition, the I-140 was still pending for purposes of the requested AC21 extension. Therefore, contrary to the director's decision, the beneficiary was still entitled at that time to an AC21 extension of stay in H-1B nonimmigrant status.").

41. Even if the decision to revoke Real Technologies's I-140 had been final this would not be a sufficient ground for denying the plaintiffs' applications for adjustment of status inasmuch as 8 C.F.R. § 245.2(a)(2)(B) provides in relevant part that "If, at the time of filing, approval of a visa petition filed for classification under section 201(b)(2)(A)(i), section 203(a) or section 203(b)(1), (2) or (3) of the Act would make a visa immediately available to the alien beneficiary, the alien beneficiary's adjustment application will be considered properly filed whether submitted concurrently with or subsequent to the visa petition, ...".

42. The AAO reviews service center decision de novo. Soltane v. US DOJ, 381 F.3d 143, 145 (3d Cir. 2004), Basil v. United States Citizenship & Immigration Servs., 2017 U.S. Dist. LEXIS 23152, *7 (D.D.C. Feb. 16, 2017).

43. Therefore, even if the nonfinal revocation of Real Technologies' petition amounted to a non-approval of the same, the AAO still has the authority to approve it.

44. Accordingly, Real Technologies' petition is one which the approval of which would make a visa immediately available to Ms. Mantena, and therefore her "application will be

considered properly filed whether submitted concurrently with or subsequent to the visa petition." 8 C.F.R. § 245.2(a)(2)(B).

45. Certainly the USCIS cannot deny applications for adjustment of status which can be properly filed.

46. 5 U.S.C. § 706 provides in relevant part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--

- …

- (2) hold unlawful and set aside agency action, findings, and conclusions found to be--

  o (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

WHEREFORE the USCIS's decision of January 10, 2018 denying the plaintiffs' applications for adjustment of status because of the nonfinal revocation of Real Technologies's still-approvable petition upon her behalf was not in accordance with law and so should be held unlawful and set aside.

Respectfully submitted this 6th day of August, 2019.

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Piston & Carpenter P.C.
Attorneys for the Plaintiff
314 Town Center
Troy, MI 48084
Phone 248-524-1936
Fax 248-680-0627